## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

ALEXANDER LARKINS,

      Petitioner,

vs.                                                    Case No. 4:06cv111-RH/WCS

JAMES McDONOUGH,

      Respondent.

_____/

## REPORT AND RECOMMENDATION TO DENY MOTION TO DISMISS

Petitioner filed a 28 U.S.C. § 2254 petition on February 28, 2006 (the date of mailing).  Doc. 1.  He submitted a motion to proceed in forma pauperis and affidavit, docs. 2 and 3, which were deemed deficient.  Doc. 5.  He corrected the deficiencies. Docs. 6 and 7.  The court granted leave to proceed in forma pauperis, and directed Petitioner to file an amended § 2254 petition.  Doc. 8.

The amended petition, dated July 25, 2006, was served on Respondent.  Docs. 9 and 10.  The order noted this was an amended petition filed pursuant to a court order. Doc. 10, p. 1.  Three extensions of time were sought and granted to Respondent.  Docs. 11-16.

Respondent then filed a motion to dismiss the petition as untimely pursuant to 28 U.S.C. § 2244(d).  Doc. 17.  Hereafter, references to exhibits are to those attached to the motion to dismiss unless otherwise noted.  Not all exhibits could be obtained by Respondent despite the additional time; Exs. D, E, and F were listed but not submitted by Respondent.  Doc. 17, p. 1, n. 1 (also indicating they would be filed as soon as obtained by counsel).  The missing exhibits have not been filed, but are unnecessary for resolution of the motion to dismiss.

There is a one year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  § 2244(d)(1)(A).  The time is tolled while a "properly filed" application for relief is pending in state court.  § 2244(d)(2).

Petitioner's conviction was affirmed on January 30, 2004.  Larkins v. State, 865 So.2d 485 (Table) (Fla. 1st DCA 2004); docket in 1D02-4288 (available at www.1DCA.org).[1]  The conviction became final 90 days later, on April 29, 2004.[2]

Only 64 days elapsed before Petitioner filed a Fla.R.Crim.P. 3.850 motion on June 1, 2004 (the date of his signature).  Ex. G.  This tolled the period until the mandate

---

[1] Respondent's Ex. F is listed as "Decision and Mandate" but (as noted *supra*) that exhibit is not in the file.

[2] Respondent relies on a later date of finality (May 18, 2004), counting the 90 days from the mandate rather than the order.  Doc. 17, p. 2.  The time for filing a petition for writ of certiorari runs from the order rather than the mandate.  S.Ct. Rule 13(3); Clay v. United States, 537 U.S. 522, 527, 123 S.Ct. 1072, 1076, 155 L.Ed.2d 88 (2003).

issued on April 18, 2005.  Doc. 17, p. 3.[3]  Respondent states that "[n]othing was filed after that until the instant petition was filed on July 25, 2006, with 463 days having elapsed."  *Id.*

That is simply not true.  Petitioner filed the initial petition some 286 days later, on February 28, 2006.  Adding the 64 days which had already elapsed, a total of 350 days passed.  The initial petition was timely filed within the one year period.

While an amended petition does not necessarily relate back to a timely filed petition, Respondent makes no such argument.  Indeed, Respondent does not acknowledge the timely filed petition.  The order to show cause clearly stated that the petition had been amended pursuant to a court order, and a cursory glance at the docket would have revealed the earlier filing date.  Given that Respondent filed the motion to dismiss after three extensions of time had been granted, additional argument in support of the untimeliness argument should not be permitted.

It is therefore respectfully **RECOMMENDED** that the motion to dismiss (doc. 17) be **DENIED**, and Respondent directed to file an answer within **FIFTEEN DAYS** from the date this recommendation is adopted.

**IN CHAMBERS** at Tallahassee, Florida, on August 17, 2007.


**s/    William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Respondent gives this date, which is confirmed by reference to the docket in 1D04-4174 (available at www.1DCA.org).  Respondent's Ex. K is listed as the "decision and mandate," but no Ex. K (nor the mandate) is supplied.

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.